UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------x

Regine Volcan

                                    Plaintiff,

Case No:

**COMPLAINT**

    -v.-

Dynamic Recovery Solutions, LLC

                                  Defendant.
------------------------------------------------------------------------x

Plaintiff Regine Volcan ("Plaintiff") by and through her attorneys, RC Law Group, PLLC as and for her Complaint against Defendant Dynamic Recovery Solutions, LLC. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Connecticut, County of Fairfield, residing at 118 Center Street, Bridgeport, CT 06604.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in

the FDCPA, with an address at 135 Interstate Blvd., Suite 6, Greenville, SC, 29615.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

10. Defendant reported the Alleged Debt on the Plaintiff's credit report.

11. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on October 15, 2015.

12. Plaintiff examined her credit report again on December 1, 2015 and found that Defendant had not removed the credit account nor marked it as "disputed by consumer" despite being required to do so by the FDCPA.

13. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

2

though fully stated herein with the same force and effect as if the same were set forth at length herein.

15. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10), and 1692f.

16. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 23${}^{th}$ day of May, 2016

*/s/Yaakov Saks*
Yaakov Saks
**RC Law Group, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Tel. 201-282-6500 ext. 101
Fax 201-282-6501
ysaks@rclawgroup.com
Federal Bar No. ct30021

*Attorneys for Plaintiff*